FILED by \_\_DG\_\_ D.C.

Jul 7, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-20303-CR-SCOLA/GOODMAN**

CASE NO. _____

18 U.S.C. § 641
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(B)

UNITED STATES OF AMERICA

vs.

CAROLYN TOLTON VEINOVIC,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Theft of Government Funds
### (18 U.S.C. § 641)

From on or about July 1, 2013, through on or about May 1, 2018, in Miami-Dade County, in the Southern District of Florida, the defendant,

**CAROLYN TOLTON VEINOVIC,**

did knowingly and willfully receive, conceal, and retain with intent to convert to her own use and gain, money of the United States and of a department and agency thereof, that is, the United States Social Security Administration, the aggregate amount of which exceeded $1,000, that is Social Security Title II retirement benefits payable to an individual with the initials F.J., knowing the money to have been embezzled, stolen, purloined, and converted, in violation of Title 18, United States Code, Section 641.

## COUNT 2
### Use of an Unauthorized Access Device
### (18 U.S.C. § 1029(a)(2))

From on or about July 10, 2017 through on or about May 1, 2018, in Miami-Dade County, in the Southern District of Florida, the defendant,

**CAROLYN TOLTON VEINOVIC,**

did knowingly, and with intent to defraud, use one or more unauthorized access devices, that is, debit card account numbers issued in the name of another person, during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT 3
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

On or about February 20, 2018, in Miami-Dade County, in the Southern District of Florida, the defendant,

**CAROLYN TOLTON VEINOVIC,**

during and in relation to a felony violation of title 18, United States Code 1029(a)(2), that is, knowingly, and with intent to defraud, using one or more unauthorized access devices, that is debit account numbers issued in the name of another person, during a one-year period, and by such conduct obtaining anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, as charged in Count 2 of this Indictment, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, that is, a debit card account number ending in # 0779 issued to F.J., in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CAROLYN TOLTON VEINOVIC**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 641, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of Title 18, United States Code, Section 1029, as alleged in the Indictment, the defendant shall forfeit to the United States: (a) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and (b) any personal property used or intended to be used to commit such offense, pursuant to Title 18, United States Code, Section 1029(c)(1)(C).

*[This Space Intentionally Left Blank]*

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and 1029(c)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), and Title 18, United States Code Sections 982(b)(1) and 1029(c)(2).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
JODI RAFT
SPECIAL ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO.: |
|---|---|
| v. | |
| CAROLYN TOLTON VEINOVIC | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____/ Defendant. | **Superseding Case Information:** |

**Court Division** (select one)
- ☑ Miami   ☐ Key West   ☐ FTP
- ☐ FTL    ☐ WPB

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take 5 days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)           (Check only one)
   I   ☑ 0 to 5 days          ☐ Petty
   II  ☐ 6 to 10 days         ☐ Minor
   III ☐ 11 to 20 days        ☐ Misdemeanor
   IV  ☐ 21 to 60 days        ☑ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                          Case No.
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                          Case No.
9. Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the                District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
Jodi Raft
Special Assistant United States Attorney
FLA Bar No.   0975893

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Carolyn Tolton Veinovic

**Case No:** _____

Count #:

    Theft of Government Funds

    Title 18, United States Code Section 641

* **Max. Term of Imprisonment: Ten (10) years' imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):NA**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #:

    Unauthorized Use of an Access Device

    Title 18, United States Code, Section 1029(a)(2)

* **Max. Term of Imprisonment: Ten (10) years' imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): NA**
* **Max. Supervised Release:**
* **Max. Fine: $250,000**

Count #:

    Aggravated Identity Theft

    Title 18, United States Code, Section 1028A(a)(1)

* **Max. Term of Imprisonment: Two (2) years' imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):   Two years' Mandatory Min.**
* **Max. Supervised Release: 1 year**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.